LAW OFFICE OF
# Peter A. Romero

Peter A. Romero
promero@romerolawny.com

David D. Barnhorn
dbarnhorn@romerolawny.com

April 8, 2019

Hon. Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

   Re: <u>Zapata v. Majestic Cleaning, Inc. et al.</u>
      18-CV-4507 (SJF)

Dear Judge Feuerstein:

  This firm represents Plaintiff Carmen Zapata ("Plaintiff") in the above-referenced action. We respectfully submit this motion for approval of Fair Labor Standards Act ("FLSA") Settlement and Dismissal of Claims with Prejudice. Plaintiff commenced this action against Defendants alleging that they violated the FLSA and New York Labor Law by failing to pay her overtime wages. The parties agreed to resolve their dispute through a series of negotiation discussions. We respectfully seek approval of the settlement of Plaintiff's FLSA claims pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, No. 14-cv-299 (2d Cir. Aug. 7, 2015). The release contained in the parties' settlement agreement is limited to wage and hour claims and the agreement does not contain a confidentiality provision.

  The parties agreed to fully and finally resolve the claims by having Defendants pay Plaintiff a total of $7,500, inclusive of attorneys' fees and costs. Plaintiff believes the agreement is fair and reasonable under the circumstances. The parties have held very different views about the merits of Plaintiff's claims. Significantly, Defendants dispute that the Plaintiff was employed by them and assert that Plaintiff was employed instead by one of their subcontractors. The parties' respective views differed as to the extent of overtime hours worked by Plaintiff and the number of weeks, if any, that Plaintiff worked more than 40 hours per week during her employment. Resolution of these disputes would require depositions and trial. The settlement is in Plaintiff's best interest because Plaintiff faces substantial risk in proving liability and damages and resolving the action on her behalf at this early juncture provides certainty in that she will receive some compensation for her alleged unpaid overtime wages.

  In light of the significant litigation risks outlined above, all parties believe that this settlement is fair. Although there is a possibility that Plaintiff could recover higher damages if the case proceeded to trial, there is also the possibility that she could receive much lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Moreover, Plaintiff will be able to recover settlement funds more expeditiously, and with more certainty than a trial judgment, since the parties would need to take depositions and brief numerous motions on the merits before trial could commence.

Hon. Sandra J. Feuerstein
April 8, 2019
Page 2

      As set forth in the attached Settlement Agreement, the parties have agreed to settle this action and provide mutual general releases for a total settlement amount of $7,500 (the "Settlement Amount"). Plaintiff's counsel incurred expenses of more than $500 for the filing fee and service of process. Thus, the attorney's fee is slightly less than the one third (33.3%) of the total settlement amount and is reasonable. Plaintiff's counsel researched and investigated the claims, conducted an in-depth and detailed inquiry regarding Plaintiff's job duties, hours worked and compensation received, commenced this action, and negotiated the settlement. Due to the contingent nature of the case, Plaintiff's counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiff's counsel was zealous in the pursuit of Plaintiff's litigation objectives and secured a favorable result on the Plaintiff's behalf. The settlement amount will be made available to Plaintiff without the uncertainty and delay of trial.

      In short, the settlement is the result of substantial negotiations and compromise by both parties. The parties believe that the proposed settlement is completely fair, reasonable, and adequate to the Plaintiff in light of the risks of litigation and should be approved.

      We appreciate Your Honor's attention to this matter.

      Respectfully submitted,

      */s/ Peter A. Romero*

      PETER A. ROMERO

cc:    All counsel of record